NEW & KARFUNKEL, P.C.
1129 Bloomfield Avenue, Suite 215
West Caldwell, New Jersey 07006
Tel. (862) 210-8220
Attorney for Plaintiffs, Board of Trustees of the Trucking Employees of North Jersey
Welfare Fund, Inc. – Pension Fund

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TRUCKING EMPLOYEES OF NORTH JERSEY WELFARE FUND, INC. – PENSION FUND | DOCKET NO.: <br> CIVIL ACTION <br> COMPLAINT |
| Plaintiffs, <br><br> vs. <br><br> PARAGON IRON, INC., and XYZ CORPORATION, a member or members of the controlled group of PARAGON IRON, INC. and JOHN and JANE DOE 1-10, individuals | |
| Defendants | |

Plaintiffs, Trustees of the Trucking Employees of North Jersey Welfare Fund, Inc. –

Pension Fund ("Pension Fund"), with a principal place of business at 707 Summit Ave.,

Union City, New Jersey, by way of Complaint against Defendant, Paragon Iron, Inc.

("Paragon"), with a principal place of business at 550 Industrial Avenue, Carlstadt, New

Jersey 07072 and all members of its controlled group, hereby say:

## **INTRODUCTION**

1.       This is an action to collect a sum of withdrawal liability that the Defendant

owes to the Pension Fund. This action is brought pursuant to the Employee Retirement

Income Security Act, 29 U.S.C. §§ 1001 et. seq., as amended by the Multiemployer Pension

Plan Amendments Act of 1980 (hereinafter "ERISA").

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction by reason of ERISA Section 29 U.S.C. §
1451(c), ERISA Section 4301(c), and 29 U.S.C. §1132(e) (1), ERISA Section 502(e) (1).

3.      Venue is proper by reason of ERISA Sections 502(e) (2) and 4301(d), as
brought in the district where the Plan is administered.

## PARTIES

4.      The Pension Fund is a multi-employer pension plan within the meaning of
29 U.S.C. §1002(2) and (3), ERISA Sections 3(2) and (3). The Pension Fund is administered
by a Board of Trustees composed of an equal number of union and employer
representatives. The Pension Fund is administered pursuant to the provisions of an
Amended and Restated Agreement and Declaration of Trust (Trust Agreement), provisions
of ERISA and its regulations and is maintained for the purpose of providing retirement and
related benefits to eligible participants. The Pension Fund is also a multiemployer pension
plan within the meaning of 29 U.S.C. §1002(37), ERISA Section 3(37).

5.      The Board of Trustees of the Pension Fund are fiduciaries within the
meaning of 29 U.S.C. §1002(21) (A), ERISA Section 3(21) (A).

6.      The Pension Fund maintains a principal office at 707 Summit Avenue, Union
City, New Jersey, and is administered at that location.

7.      Plaintiffs bring this action on behalf of themselves and on behalf of Plan
participants and beneficiaries pursuant to 29 U.S.C. §1132 and 1451, ERISA Sections 502
and 4301.

8.      Defendant is an employer in an industry affecting commerce within the
meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. §1002(5), (11) and (12).

9.      Paragon is a corporation residing or doing business in the State of New Jersey at 550 Industrial Avenue, Carlstadt, New Jersey 07072.

10.     Upon information and belief, Defendant XYZ Corporation is a member or are members of a control group or Paragon at the time of its withdrawal with a business address of 550 Industrial Avenue, Carlstadt, New Jersey 07072.

11.     Upon information and belief, John and Jane Doe are individuals whose identities are not currently known to Plaintiff, but were each a trade or business under common control with Paragon at the time of Paragon's withdrawal from the Fund.

## STATEMENT OF CLAIM

12.     Until on or about September 1, 2016, Paragon was a participating employer in the Pension Plan and was obligated to make contributions to fund benefits for employees covered by the Pension Plan pursuant to a collective bargaining agreement, the Agreement and Declaration of Trust of the Pension Plan, and Section 515 of ERISA, 29 U.S.C. §1145.

13.     On or about September 1, 2016, Paragon completely withdrew from participation in the Pension Plan, within the meaning of Section 4203 of ERISA, 29 U.S.C. §1383.

14.     As a result of that withdrawal, Paragon was obligated to pay withdrawal liability to the Pension Plan, as required by the Agreement and Declaration of Trust and by Section 4201(a) of ERISA, 29 U.S.C. §1381(a), et seq.

15.     Plaintiffs made a determination of the amount of Paragon's withdrawal liability in compliance with all applicable statutory requirements and the rules of the Pension Plan.

16.     Plaintiffs timely notified Paragon of the determination and made a demand for payment by letter dated June 28, 2017. The letter stated that the amount of withdrawal

liability was $571,851, and set forth a monthly payment schedule of $1,112.65 for 240 months. The first payment was due no later than August 1, 2017. A copy of the Notice and Demand Letter is annexed hereto as Exhibit A.

17.     Paragon was notified of its right to request for review of the withdrawal liability assessment and further advised Paragon of the right to challenge and appeal the withdrawal liability assessment by arbitration pursuant to ERISA Section 4219. See Exhibit A.

18.     Paragon has failed to remit the August 1, 2017 installment and, thereafter, has continued to fail to submit any additional installment payments.

19.     Pursuant to Section 4219(c)(2) and 4221(d) of ERISA withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review or demand for arbitration.

20.     On October 2, 2017, the Pension Fund sent a letter to Paragon advising that the Fund has declared Paragon to be in default of its obligation to pay withdrawal liability. A copy of the Notice of Default is annexed hereto as Exhibit B.

21.     The Notice of Default letter advised Paragon that the Fund has declared Paragon to be in default and unless all delinquent payments were made within 60 days of receipt of this letter, the entire amount of the withdrawal liability shall be accelerated and be made immediately due and payable.

22.     Despite its clear and unequivocal obligations under ERISA and the Agreement and Declaration of Trust, Paragon has failed to make the delinquent payments of withdrawal liability required under Section 4221(d) of ERISA, 29 U.S.C. §1401(d).

23.     Under Section 515 of ERISA, 29 U.S.C. §1145, those installment payments are delinquent and such amount is due and owing to plaintiffs.

## FIRST COUNT

24.     Plaintiffs reallege and incorporate by reference Paragraphs 1 -23 as if fully set forth herein.

25.     By virtue of its obligation described above, Paragon was obligated to participate and contribute on behalf of its employees covered by a collective bargaining agreement and did participate and make contributions to the Pension Fund for all hours worked.

26.     On or about September 1, 2016, Paragon ceased to have an obligation to remit pension benefit contributions to the Pension Fund.

27.     The permanent cessation of its obligation to contribute to the Pension Fund constitute a complete "withdrawal" as a contributing employer from the Fund, within the meaning of ERISA Section 4203(a), 29 U.S.C. §1383(a).

28.     By completely withdrawing from the Pension Fund, Paragon incurred a withdrawal liability to the Fund pursuant to ERISA Section 4201, 29 U.S.C. § 1381.

29.     By letter dated June 28, 2017, the Pension Fund notified Paragon that due to its complete withdrawal from the Fund, it owed the Pension Fund the amount of $571,851 to be paid in 240 monthly installments of $1,112.65, with a first installment due on August 1, 2017. See Exhibit A.

30.     Paragon failed to remit its August 1, 2017 withdrawal liability installment to the Pension Fund.

31.     By letter dated October 2, 2017, the Fund notified Paragon of its failure to remit the August 1, 2017 payment and payments due thereafter. The letter also notified Paragon that if it failed to remit the required payments within 60 days, then the failure would

constitute a default at which time the entire amount of withdrawal liability would become due. See Exhibit B.

32.     Paragon failed to remit the monthly withdrawal liability payments that were owed and default and acceleration has occurred.

33.     Pursuant to ERISA Section 4219(c)(5), 29 U.S.C. 1399(c)(5) Paragon being in default, the Pension Fund accelerated Paragon's withdrawal liability payments.

34.     Paragon did not request that the Pension Fund conduct a review of the withdrawal liability assessment within the 90 day period after receiving the notice.

35.     Having not requested review within the 90 day time frame, Paragon waived its right to arbitration to challenge the Pension Fund's assessment of withdrawal liability, more specifically the determination of the Trustees under ERISA Section 4203 that Paragon has withdrawn or to challenge the amount of withdrawal liability assessment.

36.     To date, the Pension Fund has not received any payment of withdrawal liability from Paragon.

WHEREFORE, the Plaintiff demands Judgment on the First Count as follows:

(a)     The entire outstanding balance of the withdrawal liability amount of $571,851;

(b)     Interest on the withdrawal liability under the PBGC's statutory rate from the date of default until full payment is received;

(c)     Liquidated damages calculated at the rate of 20% of the principal, amounting to $114,370.20;

(d)     All costs and reasonable attorney's fees incurred by Plaintiffs in connection with the action as provided by statute; and

(e)     All such further relief as this Court deems proper.

## SECOND COUNT

## JUDGMENT IN THE ALTERNATIVE FOR UNPAID WITHDRAWAL LIABILITY ASSESSMENTS

37.     Plaintiffs reallege and incorporate by reference Paragraphs 1 -36 as if fully set forth herein.

38.     In the event the Court in this matter declines to enter Judgment for the accelerated amount of withdrawal liability assessment, Plaintiffs seek Judgment in the amount equal to all unpaid monthly payments as of the date of entry of Judgment in this matter.

WHEREFORE, the Plaintiffs demand Judgment on the Second Count as follows:

(a)     The total amount of unpaid monthly payments for the withdrawal liability;

(b)     Interest at the PBGC's statutory rate until full payment is received;

(c)     Liquidated damage in the amount of 20% of the delinquent amount;

(d)     All costs and reasonable attorney's fees incurred by Plaintiffs in connection with the action as provided by statute; and

(e)     All such further relief as this Court deems proper.

## THIRD COUNT

## WITHDRAWAL LIABILTY DUE FROM CONTROL GROUP MEMBERS

39.     Plaintiffs reallege and incorporate by reference Paragraphs 1 -38 as if fully set forth herein.

40.     Pursuant to ERISA Section 4001(b) (1), all employees of trades or businesses (whether or not incorporated) which are under common control, are to be treated by a single employer and also trade or businesses shall be treated as a single employer.

41.     Upon information and belief, there are other trades or businesses which are or at one time were under common control with Paragon while it was a contributing

employer to the Pension Fund, which trade or business have been collectively identified in the caption of this Complaint as "XYZ Corporation" and "John and Jane Doe".

42.     The control group members aforedescribed are jointly and severely liable to the Pension Fund for the withdrawal liability assessed by the Pension Fund against Paragon.

WHEREFORE, the Plaintiffs demands Judgment on the Third Count as follows:

(a)     The total amount of unpaid monthly payments for the withdrawal liability;

(b)     Interest at the PBGC's statutory rate from the date of default until full payment is received;

(c)     Liquidated damage in the amount of 20% of the delinquent amount;

(d)     All costs and reasonable attorney's fees incurred by Plaintiff in connection with the action as provided by statute; and

(e)     All such further relief as this Court deems proper.

NEW & KARFUNKEL, P.C.
Attorneys for Plaintiff

By: _____
BENJAMIN A. KARFUNKEL

Dated: December 28, 2017

8

# EXHIBIT A

# TEAMSTERS LOCAL 560 BENEFIT FUNDS
## TEAMSTERS BUILDING
### 707 SUMMIT AVENUE, UNION CITY, NEW JERSEY 07087
#### www.560benefitfunds.com

Mailing Address                                    Telephone 201-867-3553
P.O. Box 8037                                      Toll Free 866-560-FUND
Summit Avenue Station                              Facsimile 201-867-2560
Union City, NJ  07087


**CERTIFIED MAIL & FIRST CLASS MAIL**
**7011 2000 0000 5742 7743**

Paragon Iron Inc.                                  June 28, 2017
550 Industrial Avenue
Carlstadt, NJ  07072
Attn: Ms. Toni Maggio

### NOTICE AND DEMAND FOR WITHDRAWAL LIABILITY

Dear Ms. Maggio:

Please be advised that it has been determined that on or about September 1, 2016 your company, Paragon Iron Inc. ("Paragon") either (1) ceased to have an obligation to contribute to this Fund or (2) permanently ceased all covered operations under the Plan, resulting in Paragon no longer being a contributing employer to the Trucking Employees of North Jersey Welfare Fund, Inc. – Pension Fund.  Accordingly, Paragon has incurred a withdrawal liability to the Pension Fund in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multi-Employer Pension Plan Amendments Act of 1980.

The above-referenced legislation provides for a deductible of ¾ of 1 percent of the unfunded vested liability or $50,000.00, whichever is lower.  That deductible is gradually phased out for withdrawal liability in excess of $100,000.00.  Paragon's withdrawal liability, after reduction for the deductible, if applicable, has been determined to be $571,851, based upon the December 31, 2015 valuation of the Fund.  The Withdrawal Liability payment obligation and monthly installments of $1,112.65 has been determined on the basis of Paragon's participation and contribution history with the Pension Fun.  The Withdrawal Liability is to be paid in installments of $1,112.65 per month, for a period of 240 months.  Your first payment is due on August 1, 2017.  These figures include the interest due on the unpaid portions of the liability.  The duration and/or the amount of these payments could change once the final assessment is made.

This letter is intended as a notice to Paragon of its withdrawal liability and as a demand for payment on a monthly basis.  Within 90 days of receipt of this Notice and Demand, Paragon has the opportunity to:

1.  ask the Trustees to review any specific matter relating to the determination of the Company's liability and payment schedule;

2.  identify any inaccuracy in the determination of the amount of any unfunded vested benefits allocated to your Company, and

3.      furnish any additional relevant information to the Trustees.

However, Section 4219(c)(2) of ERISA requires that you start making the demanded monthly payments even if the figures, or any other issues, are the subject of a request for review and/or are to be challenged in arbitration.  Any dispute with this Notice and Demand concerning a determination made under Sections 4201 through 4219 of ERISA must be resolved through arbitration.  This arbitration must be initiated within a 60-day period after the earlier of:

a.      The date of notification to you of the Fund's decision on any requests for review made under ERISA Section 4219(b)(2)(B), and

b.      120 days after the date of your request for review, if any (ERISA Section 4219(b)(2)(A)).

Any arbitration submission is to be made to the American Arbitration Association.  Any such submission shall be subject to the Fund's adopted Withdrawal Liability Policy. For purposes of the conduct of the arbitration, both pre-hearing processes and for the conduct of the hearing, the Trustees have adopted the American Arbitration Association rules for disputes of this type.  This procedure must be followed.  All disputes must be resolved within the time period set forth by ERISA.  If you fail to initiate arbitration within the time limits specified above, the amount of your withdrawal liability will be due and owing and all objections to the Fund's assessment shall be waived.

If payment is not received as demanded, the Fund may require immediate payment of the outstanding amount of your withdrawal liability after 60 days notification has been given of failure of payment.  (ERISA Section 4219(c)(5)).

The Trustees of the Fund reserve the right to look to a parent company or another company under common control with your company, or where applicable an individual, for payment of this liability.

Sincerely,

Brian McCloskey
Fund Controller

cc:     Robert Blumenfeld, Fund Administrator
        David New, Esq.

2

# EXHIBIT B

# TEAMSTERS LOCAL 560 BENEFIT FUNDS

## TEAMSTERS BUILDING

### 707 SUMMIT AVENUE • UNION CITY, NEW JERSEY 07087

### www.560benefitfunds.com

Mailing Address
P.O. BOX 8037
Summit Avenue Station
Union City, NJ 07087

Telephone 201-867-3553
Toll Free 866-560-FUND
Facsimile 201-867-2560

---

**CERTIFIED MAIL & FIRST CLASS MAIL**
**7011 2000 0000 5742 7859**

Paragon Iron Inc.                                          October 2, 2017
550 Industrial Avenue
Carlstadt, NJ  07072
Attn: Ms. Toni Maggio

### NOTICE OF DEFAULT

Dear Ms. Maggio:

On or about June 28, 2017 this office forwarded a **Notice and Demand for Withdrawal Liability** advising of the assessment of withdrawal liability and demanding initial payment by August 1, 2017 to the Trucking Employees of North Jersey Pension Fund. To date, no payment has been received by this office.

Please be advised that pursuant to **ERISA** Section 4219(c)(5), the Fund does hereby declare Paragon Iron Inc. to be in default of their obligation to pay withdrawal liability. Unless all delinquent payments, totaling $3,337.95, are made within 60 days of your receipt of this letter, the entire amount of withdrawal liability shall be accelerated and be made immediately due and payable.

Please be guided accordingly.

Regards,

Brian McCloskey
Fund Controller

cc:  Robert Blumenfeld, Fund Administrator
     David New, Esq.